## BROWN v. FRISBIE.
### No. 10946.

United States Court of Appeals
Sixth Circuit.
Dec. 8, 1949.

William Brown, in pro. per.

Stephen J. Roth, Edmund E. Shepherd, and Perry A. Maynard, Lansing, Mich., for appellee.

Before SIMONS, ALLEN and MARTIN, Circuit Judges.

## PER CURIAM.

This appeal from the district court's denial of appellant's application for writ of habeas corpus has been considered upon the record and the briefs, filed by appellant and by the Attorney General of Michigan on behalf of the appellee.

■ The writ was denied by the United States District Court in an order stating

merely that the petitioner had not exhausted his remedies in the state courts and that habeas corpus is not the proceeding authorized by law for the relief prayed for in the petition. We are aware of the requirements of section 2254, Title 28, United States Code Annotated, to which the appellee referred in its answer filed in the district court. But the petition presented issues of fact which should have been tried to determination in the United States District Court.

The petition avers that upon appellant's discharge from the federal penitentiary at Atlanta, Georgia, he was taken to the county jail in Atlanta, where he was searched and a writ of habeas corpus drawn up by him for presentation to the United States Court in relation to his extradition from Georgia to Michigan was destroyed by a Georgia deputy sheriff and a Michigan prison officer who ordered him held incommunicado. The appellant alleges further that, while the lawyer retained by him was preparing to resist his extradition, appellant was rushed from his jail cell to the office of the chief jailer, where the Michigan officer was hastily summoned; and that, following a whispered conversation between the prison officers and four deputy sheriffs, the chief deputy sheriff said: "To hell with a court hearing for this n---er."

Appellant avers further that these officers tried to persuade him to sign a waiver, which he refused to do; whereupon, he was attacked by four deputy sheriffs and the Michigan prison officer; that he was threatened with a rope and pistols and was intimidated and beaten, but that despite all this he refused to sign the waiver; that he was then handcuffed, shackled, and told that "a n---er had no constitutional rights in Georgia"; that he was then dragged to a scout car from the sheriff's office by the four deputy sheriffs and the Michigan prison officer and hustled to the railroad station and aboard a train for Michigan; and that the Michigan officer was instructed to keep him handcuffed and in shackles and to keep him in his seat until the state line had been crossed, that the deputy sheriffs "would stall the lawyer."

Appellant contends that he was thus forcibly kidnapped and returned to Michigan; denied due process of law, right of counsel, and a hearing in court. He avers that he has been in confinement since his return to Michigan on July 30, 1944.

In our opinion, in view of these allegations the United States District Court should have afforded the petitioner an opportunity to adduce evidence in support of the fact averments of his petition. For, if true, the petitioner was brought back from Georgia to Michigan without due process of law. He was entitled to an oral hearing.

Accordingly, it is ordered that this case be remanded to the United States District Court for further procedure in conformity with the views herein expressed; factual issues to be determined and appropriate findings filed by the district judge.