DEPUTY COMMISSIONER OF AGRICULTURE v.
O. & A. ELECTRIC CO-OPERATIVE, INC.

1. NOTICE—FACTS REQUIRING DILIGENT INQUIRY FOR FURTHER DIS-
CLOSURE.

   Knowledge of facts putting a person of ordinary prudence on
   inquiry is equivalent to actual knowledge of the facts which
   a reasonably diligent inquiry would have disclosed.

2. SAME—DRAINS—EXTENT OF RIGHT-OF-WAY—STATUTES—EVIDENCE.
   Electric company whose agents had seen that ditch had been dug
   and dirt piled up alongside together with statutory provisions
   relative to making of returns for easements for ditches had
   sufficient notice to enable the company to direct its inquiry to
   office of drain commissioner where pertinent facts as to extent
   of right-of-way might be ascertained (CL 1948, §§ 264.4,
   264.12).

3. SAME—CONSTRUCTIVE NOTICE.

   A person is chargeable with constructive notice, when, having
   the means of knowledge, he does not use them.

4. SAME—KNOWLEDGE OF FACTS REQUIRING FURTHER INQUIRY.
   A person must be taken to have notice of those facts which, had
   he used ordinary diligence, would have been readily ascer-
   tained, if he has knowledge of such facts as would lead any
   honest man, using ordinary caution, to make further inquiries
   and does not make, but studiously avoids making, the ob-
   vious inquiries.

5. DRAINS—RIGHT-OF-WAY—NOTICE—FILING OF PAPERS IN OFFICE
OF DRAIN COMMISSIONER.

   Electric company which located its power lines 30 feet from ditch,
   located on right-of-way extending 75 feet from center of ditch

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 39 Am Jur, Notice and Notices §§ 7, 12–15.
[2, 5] Generally as to notice of proceedings to establish drainage
project, see 17 Am Jur, Drains and Sewers § 35.

was chargeable with such notice as to extent of previously-acquired right-of-way, where the ditch had been dug and spoil-banks present and papers relative to right-of-way for drain were duly filed in office of drain commissioner, although no conveyance therefor had been recorded in the office of register of deeds before right-of-way for power lines was obtained, the filing of papers relative to drains in the office of drain commissioner being equivalent to due and prior observance by plaintiffs of the recording law (CL 1948, §§ 264.4, 264.12, 565.29).

6. SAME—STATUTES—DEEPENING, WIDENING AND CLEANING OUT—DEFECTIVE PROCEEDINGS—RIGHT TO OBJECT.

Electric company which had located its power lines within previously-acquired right-of-way of drain may not attack validity of proceedings for deepening, widening and cleaning out of drain because of failure to comply with statutory requirements in every respect, where such objection was not raised as a taxpayer but only because operations involved necessitate temporary removal of the line because of plaintiff officials' superior rights to use the disputed lands.

Appeal from Allegan; Smith (Raymond L.), J. Submitted January 16, 1952. (Calendar No. 45,305.) Decided April 7, 1952.

Mandamus by John L. Hudson, Deputy Commissioner of Agriculture, and others against the O. & A. Electric Co-Operative, Inc., to compel temporary removal of power lines and poles. Writ granted. Defendant appeals. Affirmed.

*Chester A. Ray,* for plaintiffs.

*Robinson, Robinson & Robinson,* for defendant.

DETHMERS, J. Plaintiffs brought mandamus to require defendant to remove temporarily its power lines and poles from a drain right-of-way because they interfered with the free movement of excavating equipment used in connection with the cleaning,

deepening and widening of the drain. From an order granting the writ defendant appeals.

Plaintiffs acquired the right-of-way prior to 1935 by conveyances never recorded in the office of the register of deeds, but filed in the office of the county drain commissioner. The conveyances were for the construction and maintenance of a drain and deposit of excavated earth adjacent thereto upon the right-of-way which extended for 75 feet on each side of the center line of the drain. The drain was constructed, the ditch dug and the dirt piled up alongside, plainly visible for all to see. Thereafter, in 1938, defendant obtained, but also failed to record, conveyances of right-of-way from record titleholders covering some of the same property and erected an electric power line thereon running parallel to and at a distance of 30 feet from the drainage ditch, all within the confines of plaintiffs' right-of-way.

Defendant relies on plaintiffs' failure to record their conveyances, its own previous lack of actual knowledge of plaintiffs' pre-existing rights, and its own open and notorious possession under its grants of right-of-way, as supporting its claim to superior rights in and to the disputed lands. It claims that physical conditions there existing were not such as to apprise it that plaintiffs' right-of-way extended so far as to include the land on which its power line was thereafter erected. The trial court held that the presence of a large drainage ditch within 30 feet of where defendant constructed its power line and a large bank of dirt adjacent thereto constituted physical facts known to defendant prior to its acquisition of the easement, which, together with the statutory provisions about to be quoted, should have served to put defendant on inquiry as to the extent of plaintiffs' right of way:

"All releases for rights of way shall be deemed to include sufficient ground on each side of the center

line of such drain for the deposit of the excavations therefrom." CL 1948, § 264.4 (Stat Ann § 11.29).

"The said special commissioners shall within 30 days from the date of their first meeting make a return in writing of their hearing, determination and of their several awards. The special commissioners shall file said return with the commissioner, who * * * shall file the same with the other papers in his possession pertaining to such drain. Such return by such special commissioners shall be deemed a sufficient conveyance to vest in the county an easement in said land for the uses and purposes of drainage together with such rights of entry upon, passage over, deposit of excavated earth and storage of material and equipment on such lands, as may be necessary or useful for the construction, maintenance, cleaning out and repair of such drain." CL 1948, § 264.12 (Stat Ann § 11.37).

Knowledge of facts putting a person of ordinary prudence on inquiry is equivalent to actual knowledge of the facts which a reasonably diligent inquiry would have disclosed. *McDonald* v. *Robertson* (CCA), 104 F2d 945 (Mich). In the instant case defendant had the benefit of physical facts and statutory provisions to put it on inquiry and, equally, of the provisions of the statutes to direct its inquiry to the office of the drain commissioner where the pertinent facts might be ascertained. A person is chargeable with constructive notice when, having the means of knowledge, he does not use them. If he has knowledge of such facts as would lead any honest man, using ordinary caution, to make further inquiries and does not make, but studiously avoids making, the obvious inquiries, he must be taken to have notice of those facts which, had he used ordinary diligence, would have been readily ascertained. *Converse* v. *Blumrich,* 14 Mich 109 (90 Am Dec 230); *Jackson, Lansing & S. R. Co.* v. *Davison,* 65 Mich.

416; *Hains* v. *Hains,* 69 Mich 581; *Holly Lumber & Supply Co.* v. *Friedel,* 271 Mich 425; *Smelsey* v. *Guarantee Finance Corp.,* 310 Mich 674; *Gardens of Rest, Inc.,* v. *Upper Michigan Power & Light Co.,* 322 Mich 153.

We agree with the trial court that, under the facts and circumstances of this case, an ordinary, reasonable and prudent person, in the position of defendant, would have been led, in the exercise of ordinary caution, to have made the inquiries which would have disclosed the easily ascertainable facts pertaining to the extent of plaintiffs' right-of-way. As relates to the conflicting interests involved in this case, the results must be held to be equivalent to those which would have been occasioned by the due and prior observance by plaintiffs of the recording law. (CL 1948, § 565.29 [Stat Ann § 26.547]).

Defendant complains that the proceedings for deepening, widening and cleaning out the drain are defective for failure to comply, in every respect, with statutory requirements. It does not urge the right to make the objection as a taxpayer, adversely affected by the proceedings; nor does it claim that any of its property rights will be prejudiced thereby, other than in the respect that operations thereunder give rise to the necessity for defendant to recognize and yield to plaintiffs' exercise of their superior rights to use of the disputed lands for the purpose of maintaining and improving the drain and the mechanical operations necessary thereto. That scarcely affords a legal basis for defendant's claimed right to attack the validity of the proceedings.

Affirmed, with costs to plaintiffs.

NORTH, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.