**Paul N. SHARP, Petitioner-Appellant,**

v.

**The STATE OF OHIO, Respondent-Appellee.**

**No. 15061.**

United States Court of Appeals
Sixth Circuit.

March 18, 1963.

Braden A. Mechley (Court Appointed), Cincinnati, Ohio, for appellant.

William B. Saxbe, Atty. Gen. of Ohio, William C. Baird, Asst. Atty. Gen. of Ohio, Columbus, Ohio, on brief for appellee.

Before MILLER, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

On or about May 23, 1946, the petitioner was indicted in the Ohio State Court for operating a motor vehicle without the owner's consent. On or about June 15, 1946, petitioner pleaded guilty to the charge and was placed on two years probation. On or about May 29, 1947, pe-

titioner's probation was revoked following his conviction in April 1947 on a charge of intoxication. He received a sentence of from one to twenty years under his conviction for operating a motor vehicle without the owner's consent, which he is presently serving after having been released on several occasions on parole, which was subsequently revoked.

After exhausting available state remedies, petitioner tendered in the United States District Court on November 15, 1961, an application for writ of habeas corpus with motion to proceed in forma pauperis, which motion was denied by order of February 8, 1962. On March 5, 1962, petitioner tendered a second application for writ of habeas corpus. By order of May 31, 1962, the District Judge reconsidered all of the papers submitted by the petitioner, vacated the order of February 8, 1962, and sustained petitioner's motion to proceed in forma pauperis. Both applications were filed as of May 31, 1962, and for present purposes will be considered in a consolidated form.

The applications allege that petitioner had only a sixth-grade education, that in pleading guilty to the state indictment he was not advised of his right to have the Court appoint counsel for him, that he was not represented by counsel at any time, that he had no counsel or friend to advise him, that he did not competently and intelligently waive his right to counsel, that he pleaded guilty without understanding the nature and consequence of his plea but thought at the time he was pleading guilty to a workhouse sentence, that he did not intelligently waive a trial by jury, and that he "was forced to enter a Plea without the advice of competent counsel for his defense or without understanding that the charge he was Pleading Guilty to carried a Prison Sentence."

The State of Ohio was not called on by the Court to file an answer to these allegations and no hearing was held, since the District Judge, accepting all the facts as alleged by petitioner to be true, ruled as a matter of law there was no essential unfairness in the state court proceedings and denied the application for the writ.

We are of the opinion that under the allegations of the applications the petitioner was entitled to a hearing and that the District Judge was in error in not holding such a hearing with resulting findings of fact based thereon. Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 88 L. Ed. 1367; De Meerleer v. Michigan, 329 U.S. 663, 67 S.Ct. 596, 91 L.Ed. 584; Gibbs v. Burke, 337 U.S. 773, 69 S.Ct. 1247, 93 L.Ed. 1686; Cash v. Culver, 358 U.S. 633, 79 S.Ct. 432, 3 L.Ed.2d 557.

The judgment is reversed and the case remanded to the District Court for further proceedings consistent with the views expressed herein.