Robert E. GREENE, Petitioner-Appellant,

v.

MICHIGAN DEPARTMENT OF COR-
RECTIONS et al., Respondents-
Appellees.

No. 15048.

United States Court of Appeals
Sixth Circuit.

April 13, 1963.

Frank E. Cunningham, Jr. (Court ap-
pointed), Cincinnati, Ohio, for appellant.

Robert A. Derengoski, Sol. Gen., Lans-
ing, Mich., for appellees, Frank J. Kelley,
Atty. Gen., Eugene Krasicky, Sol. Gen.,
Donald T. Kane, Asst. Atty. Gen., Lans-
ing, Mich., on the brief.

Before WEICK and O'SULLIVAN,
Circuit Judges, and BOYD, District
Judge.

WEICK, Circuit Judge.

This appeal is from an order of the
District Court denying, without a hear-
ing, appellant Greene's petition for a writ
of habeas corpus.

Greene was taken into custody by the
Michigan authorities in California on
August 7, 1959 as a parole violator and
removed to Michigan without complying
with California's extradition laws. He
is presently confined in a Michigan state
prison where he is serving the remain-

der of a two to fifteen year sentence imposed upon him in 1947 by the state court for breaking and entering in the night season, from which he was paroled in 1949. He will not be eligible again for parole until 1966.

A number of grounds for relief were alleged by Greene in his habeas corpus petition but the only one which we think has any substance is the claim that the Michigan parole authorities did not proceed with reasonable diligence in issuing and executing a warrant for his arrest for violation of his parole, consequently waiving the violation and losing jurisdiction over him. The period of time which elapsed between the alleged violation of parole and the date when he was taken into custody therefor was 9 years, 7 months and 2 days.

Michigan, in its response, asserted that Greene did not report to the parole authorities on January 5, 1950 and thereby violated the conditions of his parole; that Greene further violated his parole by leaving the state; that the parole authorities knew nothing about his whereabouts until 1959 when they were contacted by authorities in California; that Michigan issued a warrant for parole violation on January 13, 1950 and a second warrant on April 27, 1959.

Greene, on the other hand, alleged that Michigan either knew or could readily have ascertained his whereabouts if it had desired in good faith to charge him with parole violation; that following his 1949 parole he worked in Detroit for a short time and then moved to Seattle, Washington where he secured employment, under his own name, with the U. S. Coast Guard & Geodetic Survey Service as a seaman. In 1951, he was discharged at his own request and departed to Alaska securing another job with the Federal Government. While in Alaska he claims he received an order from his Draft Board to report for induction; that his criminal record was discovered and he was not accepted for military service and was discharged as a Government employee as a result thereof; that in 1954 he was convicted of theft in the federal court in Alaska and sentenced for two years in the federal penitentiary at McNeil Island; that he was discharged from this prison on July 4, 1956; that on January 13, 1959 he was arrested in California for possession of narcotics and served a short jail sentence. He claims that while extradition proceedings were pending in the California courts he was abducted by Michigan officers and removed from California to Michigan by automobile. Greene also denied that any warrant had been issued for him in 1950.

In appellee's brief on Page 8 it is stated:

"There is no allegation that Michigan authorities knew in fact where he was during this period of time. The petition alleges only that Michigan authorities should have known where he was. Such an allegation does create an issue of fact."

In our opinion, issues of fact were made by the pleadings which required the District Court to conduct a hearing. Whether the Michigan parole officials proceeded with reasonable diligence to issue and execute the extradition warrant was a question of fact to be determined from all the facts and circumstances in the case. Paul N. Sharp v. State of Ohio, 314 F.2d 799 (C.A.6).

Where issues of fact are raised in a habeas corpus proceeding, it is not permissible for the court, without a hearing, to determine them by resort to disputed allegations contained in the answer of the respondent. In determining the case on the pleadings, the court must view the petition for habeas corpus in the most favorable light to the petitioner and must accept as true the well pleaded allegations of fact. Paul N. Sharp v. State of Ohio, supra.

When there has been a violation of the conditions of a parole, the parole authorities, if they desire to take advantage of it, should proceed with reasonable diligence to issue and execute a warrant for the arrest of the parolee. Failure to do so may result in a waiver of the violation and loss of jurisdiction.

Hamilton v. Hunter, 65 F.Supp. 319 (D. C., Kan.); United States ex rel. Howard v. Ragen, 59 F.Supp. 374 (N.D., Ill.); Welch v. Hillis, 53 F.Supp. 456 (W.D., Okl.); People ex rel. Grosso v. Addition, 185 Misc. 670, 59 N.Y.S.2d 357.

 Michigan recognizes this rule where the parole authorities have actual knowledge of the parolee's whereabouts. In re Carpenter, 348 Mich. 408, 83 N.W. 2d 326, and In re Colin, 337 Mich. 491, 60 N.W.2d 431, but not merely constructive knowledge, In re Ginivalli, 336 Mich. 101, 57 N.W.2d 457 (18 years delay in executing warrant held proper). We think knowledge may be actual or constructive. Deputy Commissioner of Agriculture v. O. & A. Electric Co-Operative, Inc., 332 Mich. 713, 716, 52 N.W.2d 565; The Cleveco, 154 F.2d 605, 613 (C.A.6); 66 C.J.S. Notice § 11, pp. 642–644, 646. It may be shown by direct or circumstantial evidence. 66 C.J.S. Notice §§ 21c (2), 22b, pp. 675, 676.

In explaining the reason for the second warrant issued in 1959 appellee states:

> "If he (the prisoner) is not located for a long period of time and particularly if he is found outside the state, after the lapse of many years, a new warrant is prepared primarily because authorities in other states prefer a current warrant."

It was not stated why the other states prefer a current warrant rather than an old one. It may be that a stale warrant would be questioned in an extradition proceeding on the ground that it was not executed within a reasonable time and was, therefore, functus officio. Cf. United States v. Parson, 22 F.Supp. 149, 152 (S.D.Cal.).

 With respect to the claimed abduction appellee "admits for the limited purpose of a decision by the District Court without a hearing that petitioner's return to Michigan from California was not in compliance with California extradition statutes." While we cannot condone such conduct by law enforcement officials, we agree with the District Court

that this irregularity was not ground for Greene's release from custody. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541. If Michigan desires to change its admission it will have an opportunity to do so at the hearing.

When the hearing is conducted the court will have an opportunity to examine all the facts and circumstances of the case including the records and files of the Department of Corrections. The court should be enlightened on what effort, if any, was made to execute the 1950 warrant. The court should determine from all the evidence whether the parole authorities acted with reasonable dispatch. In so doing, the court should adopt findings of fact and conclusions of law.

For error in not granting a hearing, the judgment of the District Court is reversed and the cause remanded for further proceedings.