William R. STIDHAM, Petitioner-Appellant,

v.

John W. WINGO, Warden, Kentucky State Penitentiary, Respondent-Appellee.

No. 71-1366.

United States Court of Appeals, Sixth Circuit.

Dec. 16, 1971.

William R. Stidham, in pro. per.

John B. Breckinridge, Atty. Gen., Mark F. Armstrong, Asst. Atty. Gen., Com. of Ky., Frankfort, Ky., for respondent-appellee on brief.

Before CELEBREZZE, BROOKS and KENT, Circuit Judges.

KENT, Circuit Judge.

This is an appeal from the District Court's denial, without a hearing, of the petitioner's application for a writ of habeas corpus. Petitioner challenges the legality of his confinement, under a 20 year sentence, after a conviction of armed robbery.

The complaint alleges that on March 9, 1966, petitioner and his co-defendant were stopped near Lexington, Kentucky, by police officers who observed that the vehicle which they were driving had broken taillights. Immediately after they were stopped, the petitioner and his co-defendant were searched and a quantity of money was removed from their persons. The automobile (except the trunk) was also searched at this time but nothing was removed. While they were stopped, and after the search of the petitioner and the vehicle, one of the police officers, who had stopped them, returned to his cruiser and from radio communication learned that a liquor store had been robbed, that the description of the robbers closely resembled that of the petitioner and his companion, and that the description of the getaway car matched that of the car in which the petitioner and his companion had been stopped. After obtaining this information the officers made a further search of the automobile and in the trunk

found some .22 caliber shells and a hat. These items, together with the money removed in the first search, were introduced into evidence during the trial of the petitioner. After the radio communication, and the subsequent search, the petitioner and his companion were held at the site where the vehicle had been stopped until the operator of the liquor store which had been robbed arrived to make an identification. Upon his arrival he identified the petitioner and the petitioner's companion as the robbers. Petitioner and his companion were arrested and taken to police headquarters where the petitioner was further identified by a witness to the robbery, without a line up.

On March 18, 1966, a Mr. Sidney White was appointed as counsel for the petitioner. Over a period of several months petitioner and his co-defendant became dissatisfied with appointed counsel's conduct of their defense and investigation of the case and on the day before trial was scheduled to commence they requested that Mr. White be removed as their counsel.

Mr. Thomas Bunch was appointed at the request of the defendants. Mr. Bunch immediately asked the Court to appoint Mr. White as co-counsel on the case because of Mr. White's familiarity with the facts. The trial court denied this request. Mr. Bunch then asked for a continuance on the ground that he had not had an opportunity to investigate the case and prepare for trial, which was scheduled to commence the next day. The Court informed Mr. Bunch as to those days on which the court would be available for trial, and after Mr. Bunch noted that he had other matters on the open dates, he agreed to proceed with the trial the next day. Petitioner asserts that Mr. Bunch spent about 30 minutes with him and with his co-defendant in the preparation of their defense and then proceeded to trial the next day, September 13, 1966. The trial resulted in a jury verdict finding the petitioner and his co-defendant guilty of armed robbery.

On September 27, 1966, petitioner was sentenced to 20 years in prison. Petitioner alleges that Mr. Bunch was not present at the time of sentencing. In an affidavit, attached to one of the State's responses in a state court proceeding, Mr. Bunch insists that he was present at the time of sentence. Petitioner claims that after conviction he asked Mr. Bunch about the possibility of appeal and Mr. Bunch assured him that everything would be taken care of. In the affidavit, above referred to, Mr. Bunch stated that the petitioner indicated no desire for an appeal. The statutory period during which an appeal could be taken expired with no effort to appeal the conviction.

On September 26, 1967, petitioner filed his first state court action in an effort to challenge his conviction and sentence. His application was denied without a hearing, which finding was ultimately affirmed in Stidham v. Commonwealth, Ky., 444 S.W.2d 110 (1969). Thereafter, the petitioner filed his application for writ of habeas corpus in the United States District Court, which was denied without hearing on December 16, 1969, on the ground that the petitioner had not exhausted his state court remedies. Petitioner then proceeded into the state courts in a further effort to obtain post-conviction relief under the Kentucky Statutes. Petitioner was forced to obtain a writ of mandamus before the Circuit Court acted upon this application for relief. The writ was granted on March 11, 1970, and on March 12, 1970 the court decided the application against the petitioner, again without a hearing. He appealed from the denial of relief and on February 12, 1971 the Kentucky Court of Appeals affirmed the decision of the Circuit Court. Petitioner then filed a second petition for a writ of habeas corpus in the United States District Court for the Eastern District of Kentucky.

In his petition he raises the same issues which he has been asserting throughout all of the post-conviction ac-

tivity to which reference has been made above.

These issues may be summarized as follows:

(1) illegal search and seizure;

(2) illegal identification procedures;

(3) ineffective assistance of counsel;

(a) appointed counsel had insufficient time to prepare a defense;

(b) appointed counsel was not present at the time the petitioner was sentenced;

(c) appointed counsel did not advise petitioner of his right to appeal.

Petitioner also raises an issue in regard to the instructions to the jury as to the sentence which could be imposed. This issue we find to be lacking in merit. The United States District Judge, without a hearing, denied the application for a writ of habeas corpus, accepting the decision of the Kentucky Court of Appeals as findings of fact within the meaning of 28 U.S.C.A. § 2254(d).

The Kentucky Court of Appeals dismissed the "illegal search" issue in a single phrase as being "without merit." It decided the "ineffective assistance of counsel" allegation by accepting the affidavit of the appointed attorney, and disposed of the "illegal identification" claim with a short discussion of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), justifying the identification procedure on the basis that an immediate identification was necessary and there was no opportunity to appoint counsel.

The principal issue which confronts this Court is whether or not a hearing should have been held by the United States District Court in order to resolve any issues of fact. The United States Supreme Court in Townsend v. Sain, 372 U.S. 293, at pages 312, 313, 83 S.Ct. 745, at page 757, 9 L.Ed.2d 770 (1963) said:

Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts.

This Court has said in Greene v. Michigan Department of Corrections, 315 F. 2d 546, 547 (6th Cir. 1963):

██ Where issues of fact are raised in a habeas corpus proceeding, it is not permissible for the court, without a hearing, to determine them by resort to disputed allegations contained in the answer of the respondent.

Accord: Brown v. Frisbie, 178 F.2d 271 (6th Cir., 1949); McCrea v. Jackson, 148 F.2d 193 (6th Cir., 1945); Sharp v. State of Ohio, 314 F.2d 799 (6th Cir., 1963); Davis v. Johnson, 354 F.2d 689 (6th Cir., 1966).

We find no case directly in point in a proceeding filed pursuant to 28 U.S.C.A. § 2254 dealing with the issue of the effect of affidavits answering a petition for relief making such factual claims as are made by the petitioner in this case. However, in an analogous case arising through the United States Courts, reported as Walker v. Johnston, 312 U.S. 275, at page 285, 61 S.Ct. 574, at page 578, 85 L.Ed. 830 (1941), the Supreme Court of the United States, in dealing with similar affidavits, stated:

Thus the case was disposed of on *ex parte* affidavits and without the taking of testimony. The practice thus to dispose of applications for *habeas corpus* on matters of fact as well as of law has been followed in the Ninth and Tenth Circuits.

In other circuits, if an issue of fact is presented, the practice appears to

have been to issue the writ, have the petitioner produced, and hold a hearing at which evidence is received. This is, we think, the only admissible procedure. Nothing less will satisfy the command of the statute that the judge shall proceed "to determine the facts of the case, by hearing the testimony and arguments." It is not a question what the ancient practice was at common law or what the practice was prior to 1867 when the statute from which R.S. 761 is derived was adopted by Congress. The question is what the statute requires.

and at pages 286, 287, 61 S.Ct. at page 579:

On a hearing he would have the burden of sustaining his allegations by a preponderance of evidence. It is true that they are denied in the affidavits filed with the return to the rule, but the denials only serve to make the issues which must be resolved by evidence taken in the usual way. They can have no other office. The witnesses who made them must be subjected to examination *ore tenus* or by deposition as are all other witnesses. Not by the pleadings and the affidavits, but by the whole of the testimony, must it be determined whether the petitioner has carried his burden of proof and shown his right to a discharge. The Government's contention that his allegations are improbable and unbelievable cannot serve to deny him an opportunity to support them by evidence. On this record it is his right to be heard.

The primary issue in *Walker* was whether or not the petitioner had knowingly waived his right to counsel. In Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), the petitioner claimed that his plea of guilty was involuntary and was induced by a promise of a 20-year maximum sentence. The United States Attorney, who was alleged to have made the promise denied the allegation in an affidavit. The pris-

oner was denied relief without a hearing. In reversing the United States Supreme Court said at page 494 of 368 U. S., at page 513 of 82 S.Ct.:

We think the District Court did not proceed in conformity with the provisions of 28 U.S.C. § 2255, when it made findings on controverted issues of fact without notice to the petitioner and without a hearing. United States v. Hayman, 342 U.S. 205, 220 [72 S.Ct. 263, 96 L.Ed. 232]. The statute requires a District Court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." This was not a case where the issues raised by the motion were conclusively determined either by the motion itself or by the "files and records" in the trial court.

▉ As to the allegation of the absence of appointed counsel at the time of sentence no trial court records appear to have been made available to the United States District Court, or in fact to the Kentucky Court of Appeals, to show that the record demonstrated the presence of counsel at the time of sentencing in an attempt to bring this case under the holding of this Court in Wilson v. Wiman, 386 F.2d 968 (6th Cir., 1967). In that case the trial court record showed the presence of counsel. No such evidence has been made available in this case.

Clearly, the petitioner has presented to the United States District Court issues of fact which must be resolved. The Kentucky Court of Appeals, as previously stated, found the initial search was justified by the circumstances and we recognize that there may be such circumstances. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). However, as stated in United States v.

Humphrey, 409 F.2d 1055, 1058 (10th Cir., 1969):

> As stated in Terry v. Ohio, supra 392 U.S. at p. 19, 88 S.Ct. p. 1878, "[T]he scope of the search must be 'strictly tied to and justified by' the circumstances which rendered its initiation permissible," i. e. the detention or arrest. Cf. Sibron v. New York, supra 382 [392] U.S. [40] at p. 67, 88 S.Ct. 1889, 20 L.Ed.2d 917 and see 81 Harv.L.Rev. 69, 122. If not, the search is unreasonable and violates Fourth Amendment protected interests. See annotation, Lawfulness of Search of Motor Vehicle Following Arrest for Traffic Violation, 10 A.L. R.3rd 314. We are in complete agreement with the prevailing federal and state authority which condemns the search of persons and automobiles following routine traffic violations. Such searches can only be justified in exceptional, on the spot circumstances which rise to the dignity of probable cause.

We do not conclude that the identification procedures were necessarily improper. However, as stated in Stovall v. Denno, 388 U.S. 293, at page 302, 87 S. Ct. 1967, at page 1972, 18 L.Ed.2d 1199 (1967):

> The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned. However, a claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it.

Certainly, the "totality of the circumstances" is a question of fact and as such is a proper subject for inquiry in an evidentiary hearing. There are issues of fact in regard to the "effective" assistance of counsel which require an evidentiary hearing under *Machibroda* and *Walker, supra*.

For the reasons herein stated the judgment of the trial court is reversed and the case is remanded for the holding of an evidentiary hearing.