**In re Baird Richard WOHLFEIL and Lisa Ann Wohlfeil, Debtors.**

**Gene R. Kohut, Plaintiff,**

**v.**

**Quicken Loans, Inc. and Mortgage Electronic Registration Systems, Inc., Defendants.**

**Bankruptcy No. 04–57339–R.**
**Adversary No. 04–4701.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Feb. 25, 2005.

---

Mark Wasvary, Becker and Wasvary, PLLC, Rochester, MI, for Debtors.

*Opinion Regarding Plaintiff's Motion for Partial Summary Judgment*

STEVEN W. RHODES, Chief Judge.

This matter is before the Court on the trustee's motion for partial summary judgment on Count I of the complaint for avoidance of a transfer under 11 U.S.C. § 544(a)(3). The defendants filed an objection. The Court conducted a hearing on February 17, 2005, and took the matter under advisement.

## I.

On June 4, 2004, the debtors refinanced their real property located at 8829 Headley, Sterling Heights, MI with Quicken Loans, and obtained a $64,032 loan. On June 18, 2004, the debtors filed for chapter 7 relief. On June 24, 2004, Quicken Loans recorded its mortgage with the Macomb County Register of Deeds.

On July 28, 2004, the trustee filed this complaint. In count I, the trustee seeks to avoid the recording of the mortgage as a post-petition transfer under § 549.[1] Count II seeks claim disallowance under § 502.

---

1. The trustee's reference to and reliance on § 549 in Count I of the complaint is confusing because the trustee does not really seek the avoidance of the post-petition recording of the mortgage, but rather the mortgage itself, which was granted pre-petition. The trustee's

## II.

In this motion for summary judgment, the trustee contends that under § 544(a)(3) he has the rights of a bona fide purchaser and therefore can avoid the mortgage.

The defendants assert that because their interest in the property was disclosed in the debtors' schedules, the trustee had constructive notice of the existence of their interest. Therefore, they assert, the trustee cannot claim bona fide purchaser status.

In response, the trustee contends that his knowledge of the defendants' mortgage obtained from the petition does not defeat his hypothetical bona fide purchaser status because § 544(a) specifically states that the trustee's avoidance rights are not affected by any knowledge that the trustee might have. Further, the trustee argues that his strong arm powers come into play automatically at the commencement of the case, before he could have been aware of anything listed in the schedules.

## III.

11 U.S.C. § 544(a)(3) provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected,

---

motion for summary judgment makes this clear enough. The Court further notes that the defendants have made no issue of this confusion. Accordingly, the Court will decide Count I of the complaint on the basis of § 544(a).

that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

■ It is well established that state law determines the extent of the trustee's rights under § 544(a). *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 232 B.R. 76, 79 (6th Cir. BAP 1999) (citing *Owen–Ames–Kimball Co. v. Mich. Lithographing Co. (In re Mich. Lithographing Co.)*, 997 F.2d 1158, 1159 (6th Cir.1993) ("State law governs who may be a bona fide purchaser.")), *aff'd*, 250 F.3d 1020 (6th Cir.2001).

■ Under Michigan law a bona fide purchaser for value takes free of prior unrecorded interests. MCL § 565.29. A bona fide purchaser is one who takes for value and without notice or knowledge of an adverse interest. *See, e.g. Hudson v. O. & A. Elec. Co–Operative, Inc.*, 332 Mich. 713, 52 N.W.2d 565, 567 (1952).

> Generally speaking, the essential elements of a "bona fide purchase" of land are the payment of valuable consideration, good faith, and the absence of any purpose to take unfair advantage of third persons, and absence of notice, actual or constructive, of the outstanding rights of others.

23 Mich. Law & Practice, Vendor and Vendee § 151 (1958).

In *Owen–Ames–Kimball Co. v. Mich. Lithographing Co. (In re Mich. Lithographing Co.)*, 140 B.R. 161 (Bankr. W.D.Mich.1992), *aff'd*, 997 F.2d 1158 (6th Cir.1993), the court stated:

> On its face, the requirement of "absence of notice, actual or constructive, of the outstanding rights of others," would seem to conflict with § 544(a)(3)'s language "without regard to any knowledge

of the trustee or of any creditor." However, this language does not negate the effect of constructive notice under applicable state law. *In re Probasco*, 839 F.2d 1352, 1354–55 (9th Cir.1988).

In *In re Perrin's Marine Sales, Inc.*, 63 B.R. 4 (Bankr.W.D.Mich.1985), the Honorable David E. Nims addressed this conflict. *Perrin's Marine* involved the trustee's attempt to exercise his § 544(a)(3) "strong arm" powers against defendants who purchased a dockominium from the debtor pre-petition, but whose deed was not recorded until after the debtor filed bankruptcy. After reviewing *McCannon v. Marston*, 679 F.2d 13 (3d Cir.1982), the seminal opinion on this issue, Judge Nims addressed the apparent conflict between the concept "absence of notice, actual or constructive," and the statutory language "without regard to any knowledge of the trustee or of any creditor":

> The court in *McCannon, supra,* makes it clear that an overly broad interpretation of the "without regard to any knowledge of trustee" language in § 544(a)(3) would render even recorded notice insufficient to defeat the claim of the trustee. Congress surely did not intend that result.

63 B.R. at 7. Judge Nims concluded that under Michigan law constructive notice of a third person's interest in property cannot be ignored by the bankruptcy trustee in his quest to achieve bona fide purchaser status even when those rights do not appear of record.

*McCannon's* conclusion that the "knowledge" element of § 544(a) encompasses only the personal knowledge of the trustee or creditor, not constructive notice which may arise under "applicable law," was adopted. The overwhelming majority of subsequent cases addressing this semantic conflict have followed suit.

See *In re Probasco, supra; In re Hein-ig,* 64 B.R. 456, 458 (Bankr.S.D.Cal. 1986); *In re Morse,* 30 B.R. 52, 54 (Bankr.1st Cir.1983)[(1st Cir. BAP 1983)]; *In re Gurs,* 27 B.R. 163, 165 (9th Cir. BAP 1983); *In re Hardway Restaurant, Inc.,* 31 B.R. 322 (Bankr.S.D.N.Y. 1983); *In re Minton Group, Inc.,* 27 B.R. 385, 389 (Bankr.S.D.N.Y.1983). This court finds the analysis in *Perrin's Marine* persuasive. Accordingly, we are not precluded by § 544(a) from considering any facts that would have given a hypothetical purchaser constructive notice of OAK's lien under state law. *Id.* at 164. *See also Fletcher Oil Co. v. Elm Lawn Cemetery Co. (In re Fletcher Oil Co., Inc.),* 124 B.R. 501, 504 n. 4 (Bankr.E.D.Mich.1990) ("Although § 544(a)(3) states that the trustee's knowledge is irrelevant, this language does not negate the effect of constructive notice under applicable state law.").

Accordingly, the Court concludes that constructive notice of the debtors' interest in the property would preclude the trustee from obtaining the status of a bona fide purchaser.

## IV.

The defendants contend that their interest disclosed in the debtors' petition constitutes such constructive notice.

A person is chargeable with constructive notice when, having the means of knowledge, he does not use them. If he has knowledge of such facts as would lead any honest man, using ordinary caution, to make further inquiries and does not make, but studiously avoids making, the obvious inquiries, he must be taken to have notice of those facts which, had he used ordinary diligence, would have been readily ascertained.

*Hudson v. O. & A. Elec. Co-op.,* 52 N.W.2d at 567.

The defendants rely on *Briggs v. Kent (In re Professional Inv. Prop. of America),* 955 F.2d 623 (9th Cir.1992), in support of their position that the petition provided constructive notice to the trustee of their interest in the property. There, the creditors lent the debtor $50,000 and received a promissory note and a deed of trust on the debtor's real property as security for the loan. The deed of trust was not recorded. When the creditors learned of the debtor's financial difficulties, they filed a petition to force the debtor into involuntary bankruptcy and a motion to appoint a trustee. Although the deed was unrecorded, the court considered whether the petition itself put the trustee on sufficient inquiry or constructive notice of the creditors' prior security interest. The court stated:

There is no practical reason why a trustee should not be put on inquiry notice by the very petition that created his position. A trustee who has not yet been appointed can hardly argue that he has been prejudiced by being charged with notice by the petition.

*Id.* at 628.

The court continued:

The involuntary petition indicated the very people who instigated the bankruptcy proceedings held a deed of trust. This petition should have raised the trustee's suspicions and compelled him to inquire further. Since this was an involuntary petition, the trustee need only have contacted the [creditors] to determine their specific interest. In fact, the trustee had a duty to inquire as to the nature of the [creditors'] claim once he was appointed.

*Id.* at 629.

The difficulty with the conclusion in *Professional Inv.* is that it fails to recognize that the trustee's strong arm powers emerge "as of the time of the commence-

ment of the case." 11 U.S.C. § 544(a). Further, the trustee has the status of a bona fide purchaser that has perfected the transfer "at the time of the commencement of the case." 11 U.S.C. § 544(a)(3). Thus, if the trustee has attained that status as of the time the case is commenced, that status cannot, in effect, be undone by information that is contained in the petition.

Moreover, as noted above, under § 544(a)(3) the trustee's power to avoid a transfer exists without regard to the trustee's knowledge, and that is so whether the trustee's knowledge is gained from the debtor's papers or otherwise. Indeed, there would be little or nothing left to the trustee's avoiding power under § 544(a)(3) if the debtor's disclosure of the transfer had the effect asserted by the defendants. The Court concludes that Congress explicitly foresaw and rejected such a result, and that the disclosures in the debtors' schedules and statement of financial affairs cannot constitute such constructive notice of a prior interest that would defeat the trustee's status as a bona fide purchaser.

For the foregoing reasons, the trustee's motion for partial summary judgment is granted.