CAVANAGH, J.
(dissenting). I agree with the majority that circumstantial evidence can be sufficient to establish the knowledge requirement of MCL 600.2919a. However, I disagree with the majority’s contention that, as it relates to MCL 600.2919a, constructive knowledge is a distinct concept from knowledge.[1] The word “knew” *203 as used in MCL 600.2919a encompasses actual and constructive knowledge; therefore, I must respectfully dissent.
The Legislature knows how to use the term “actual knowledge” and has used this term on numerous occasions. The number of statutes in which the Legislature plainly expresses that actual knowledge is required belies the majority’s position that the term “knew” means only actual knowledge.
For example, in the following statutes the Legislature had no difficulty expressing the requirement of actual knowledge. MCL 15.305(1) (“with actual knowledge of such prohibited conflict”); MCL 15.325(1) (“with actual knowledge of the prohibited activity”); MCL 28.425a(2)(c) (“The prosecuting attorney shall disclose to the concealed weapon licensing board any information of which he or she has actual knowledge that bears directly on an applicant’s suitability to carry a concealed pistol safely.”); MCL 35.501 (“without actual knowledge”); MCL 205.29(2) (“had actual knowledge”); MCL 286.192(1) (“unless the person has actual knowledge”); MCL 324.5531(7) (“in proving a defendant’s possession of actual knowledge, circumstantial evidence may be used”); MCL 324.11151(5)(b) (“in proving the defendant’s possession of actual knowledge, circumstantial evidence may be used”); MCL 333.2843b(l) (“a physician. . . has actual knowledge”); MCL 333.5475a(l)(b) (“the property manager, housing commission, or owner of the rental unit had actual knowl *204 edge of the lead paint hazard”); MCL 333.13738(5)(b) (“in proving the defendant’s possession of actual knowledge, circumstantial evidence may be used”); MCL 333.17015(14) (“the physician who relied upon the certification had actual knowledge”); MCL 390.1553(3)(a) (“does not have actual knowledge”); MCL 418.131(1) (“if the employer had actual knowledge that an injury was certain to occur”); MCL 432.207c(7) (“report all information... of which it has actual knowledge”); MCL 440.1201(25) (“[a] person has ‘notice’ of a fact when he or she has actual knowledge of it”); MCL 441.107(a) (“unless it is shown that he acted with actual knowledge”); MCL 445.813(1) (“unless done with actual knowledge”); MCL 449.1303(a) (“with actual knowledge of the limited partner’s participation in control”); MCL 450.1472(2) (“with actual knowledge of the restriction”); MCL 450.4406(b) (“has actual knowledge”); MCL 487.717(1) (“shall not be chargeable with changes in rights of withdrawal due to death or incompetency in absence of actual knowledge”); MCL 490.385(1) (“has actual knowledge of a dispute”); MCL 491.422(2) (“with actual knowledge of the restriction”); MCL 491.604 (“unless it has actual knowledge that the facts set forth in the affidavit are untrue”); MCL 500.1371(2) (“with actual knowledge”); MCL 500.8127(2)(c) (“A person having actual knowledge of the pending rehabilitation or liquidation shall be considered not to act in good faith.”); MCL 554.636(3)(b) (“which the lessor actually knew was in violation”); MCL 554.636(3)(c) (“the lessor actually knew that the provision was not included”); MCL 557.206(d) (“without actual knowledge of such breach”); MCL 600.1403(1) (“the seller had no actual knowledge of the actual age”); MCL 600.2945(j) (“does not have actual knowledge”); MCL 600.2949a (“the defendant had actual knowledge that the product was defective”); MCL *205 600.2974(3) (d) (“with the actual knowledge that the conduct was injurious to consumers”); MCL 700.2910(l)(c) (“after actual knowledge that a property right has been conferred”); MCL 700.3714(2) (“with actual knowledge of the limit”); MCL 700.5318 (“has actual knowledge that the guardian is exceeding the guardian’s powers or improperly exercising them”); MCL 700.5504(1) (“without actual knowledge of the principal’s death”); MCL 700.5505(1) (“the attorney in fact did not have actual knowledge of the principal’s death”); MCL 700.5510(2) (“did not have actual knowledge”); MCL 700.7404 (“without actual knowledge”); MCL 750.159k(4)(a) (“did not have prior actual knowledge”); MCL 750.159m(4) (“did not have prior actual knowledge”); MCL 750.159q(l)(b) (“had prior actual knowledge of the commission of an offense”); MCL 750.159r(l)(a) (“who did not have prior actual knowledge”); MCL 750.219e(3)(a) (“without prior actual knowledge”); MCL 750.219f(4)(a) (“without prior actual knowledge”); MCL 750.411j(b) (“with the approval or prior actual knowledge”); MCL 750.411k(l) (“with prior actual knowledge”); MCL 750.540d(a) (“had prior actual knowledge of and consented to the violation”).
I list these statutes not to overwhelm the reader, but to show the fallacy of the majority’s position. The Legislature is fully aware of how to ensure a statutory requirement of actual knowledge. In MCL 600.2919a, it has not done so. This Court does not have the authority to impose an actual knowledge requirement when the Legislature has not seen fit to do so. See In re MCI Telecom Complaint, 460 Mich 396, 413; 596 NW2d 164 (1999).
The Legislature’s ability to clearly state an actual knowledge requirement is indisputable given the number of statutes in which it expresses this requirement. *206 Therefore, the Legislature’s use of the term “knew” in MCL 600.2919a must be viewed as allowing a broad range of knowledge to meet the statutory knowledge requirement.
This Court recognized the difference in specificity between using the terms “actual knowledge” and “knowledge” in Travis v Dreis & Krump Mfg Co, 453 Mich 149, 173; 551 NW2d 132 (1996). As this Court stated in Travis, supra at 173, “Because the Legislature was careful to use the term ‘actual knowledge,’ and not the less specific word ‘knowledge,’ we determine that the Legislature meant that constructive, implied, or imputed knowledge is not enough.” Logically, the opposite is also true. The Legislature’s careful selection of the term “knew,” instead of “actually knew,” indicates that a broad range of knowledge is sufficient to meet the statutory requirement. Because the Legislature’s choice of the word “knew” encompasses constructive knowledge, defendant had a duty to make obvious inquiries that an honest person using ordinary caution would have made, instead of avoiding these inquiries. See Deputy Comm’r of Agriculture v O & A Electric Co-op, Inc, 332 Mich 713, 716-717; 52 NW2d 565 (1952).
Because this Court must follow the plain text of a statute and because the Legislature used the term “knew,” which encompasses actual and constructive knowledge, I disagree with the majority’s contention that constructive knowledge is insufficient to satisfy the requirement of MCL 600.2919a. Accordingly, I respectfully dissent.
KELLY, J., concurred with CAVANAGH, J.

 MCL 600.2919a states the following:
A person damaged as a result of another person’s buying, receiving, or aiding in the concealment of any stolen, embezzled, or *203 converted property when the person buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney’s fees. This remedy shall be in addition to any other right or remedy the person may have at law or otherwise.