# Court of Appeals, State of Michigan

## ORDER

Michael J. Talbot, Chief Judge, acting under MCR 7.211(E)(2), orders:

The opinions in the following appeals are hereby AMENDED to correct a clerical error in the date of issuance. The date on the opinions is corrected to read April 10, 2018.

**334631 People of MI v Maurice Larnell Glover**

**335396 People of MI v Robert Daren Hale**

**336245 People of MI v Toriono Kent**

**336893 Goldcorp Inc v Varoujan M Basmajian**

**337595 Jeffery Beck v Alpine Shredders Limited**

**337951 Teddy 23 LLC v Department of Treasury**

In all other respects, the opinions remain unchanged.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

APR 1 0 2018
_____
Date

_____
Chief Clerk

GOLDCORP, INC,

      Plaintiff-Appellant,

v

VAROUJAN M. BASMAJIAN, and ROSALIND
BASMAJIAN,

      Defendants-Appellees.

UNPUBLISHED
April 9, 2018

No. 336893
Oakland Circuit Court
LC No. 2016-155480-CZ

Before: MARKEY, P.J., and CAVANAGH and O'CONNELL, JJ.

PER CURIAM.

Plaintiff appeals by right from an order granting summary disposition to defendants Varoujan M. Basmajian and Rosalind Basmajian under MCR 2.116(C)(10) and denying plaintiff's motion to amend its pleadings under MCR 2.116(I)(5).[1]  We affirm in part, reverse in part, and remand for further proceedings.

## I.  FACTS

Plaintiff is a jewelry wholesaler; he asserted that both defendants were jewelry retailers. In October 2016, plaintiff filed a three-count complaint for account stated, breach of contract, and unjust enrichment.  Plaintiff alleged that defendants, as individuals, purchased jewelry between August 2008 and June 2009, and owed plaintiff $33,007.71, plus $28,716.70 in interest. Plaintiff attached several invoices that it asserted were for purchases defendants made, each listing what appears to be Mike's Fine Jewelry as the purchaser.  In addition, plaintiff attached a ledger card for the account "Mikes Fine Jewelry" that states the name "Mike" in the space for "Buyer."  Mikes Fine Jewelry, Inc. was a corporation that was automatically dissolved by the Department of Licensing and Regulatory Affairs ("LARA") on July 15, 2011 for failure to file annual reports for three years.

---

[1] The trial court denied defendants' summary disposition under MCR 2.116(C)(8), a conclusion not challenged on appeal.

In response to the complaint, defendants moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that plaintiff's claims were barred by the statute of limitations because the purchases occurred in 2008 and 2009 and thus fell outside the six-year statute of limitations provided by MCL 600.5807(8).[2] Defendants also argued that because the alleged contract was between two corporations, plaintiff and Mike's Fine Jewelry, defendants were not proper parties to the action. Plaintiff argued that based on the dissolution date of July 15, 2011, and the fact that the corporation was automatically dissolved for failure to file annual reports for three years, Mike's Fine Jewelry "ceased doing business three years prior to that date [on] July 15, 2008." Accordingly, argued plaintiff, the debts incurred could not be attributed to the corporation. Plaintiff also asserted that while preparing its response to defendants' motion for summary disposition, it discovered a second "d/b/a" of defendants, Secret Time Jewelry. Plaintiff attached a ledger card for "Secret Time Jewelers" listing "Mike Basmajian" under "Buyer" and indicating that a payment was made on February 6, 2013 in the amount of $900. An invoice from September 17, 2012 shows "Secret Time" on the "to" line and "Mike Basmajian" is written underneath. In addition, plaintiff attached an affidavit from its president, Walid Khalife, asserting that plaintiff had sold jewelry to defendants as individuals, and that "no corporation was involved in the purchases." Plaintiff thereafter moved the trial court for leave to amend its pleadings to add the invoices regarding Secret Time Jewelry, asserting that "defendants cannot claim any prejudice for the reason that discovery has not yet commenced, witness lists have not yet been filed, and no [articulable] prejudice will result to defendants by the amendment." Defendants opposed the motion to amend the pleadings, arguing that plaintiff was attempting to sue them as individuals and that the motion to amend concerned a separate entity.

The trial court denied defendants' motion for summary disposition under MCR 2.116(C)(8) on the basis that plaintiff had sufficiently pleaded its claims for account stated, breach of contract, and unjust enrichment, but granted it under MCR 2.116(C)(10) because the invoices attached to plaintiff's motion "clearly and unambiguously identify 'Mike's Fine Jewelry' and 'Secret Time Jewelry' as the responsible party and reflect that Mike Basmajian (a/k/a Varoujan M. Basmajian) was their buyer." In addition, the trial court noted that no document referenced Rosalind. Based on this conclusion, the trial court declined to address whether the complaint was barred by the statute of limitations or whether "the statute of limitations bars the complaint or that a partial payment restarted the running of the statute of limitations." As to plaintiff's motion to amend its pleadings, the trial court explained that, "[h]aving already determined that plaintiff filed this lawsuit against the improper party, this Court finds that plaintiffs request to amend the complaint to add a claim related to the 2011 and 2012 invoices is futile (the invoices clearly show that plaintiff billed a corporate entity—Secret Time Jewelry—not the individual defendants)."

## II. DISCUSSION

---

[2] Under MCL 600.5807(8), "[t]he period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract."

Plaintiff argues that the trial court erred when it granted summary disposition under MCR 2.116(C)(10). It notes that the invoices do not identify a corporation, asserts that Khalife's affidavit established a genuine issue of material fact regarding whether plaintiff sold jewelry to individuals, not a corporation, and notes that there was no evidence that plaintiff was aware that it was selling to a corporation.

An appellate court "reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Id*.]

In the trial court and on appeal, "all reasonable inferences are resolved in the nonmoving party's favor." *Hampton v Waste Mgt of Mich, Inc*, 236 Mich App 598, 602; 601 NW2d 172 (1999).

In this case, although Khalife's affidavit avers that plaintiff sold jewelry to defendants as individuals, and that "no corporation was involved in the purchases," plaintiff's own ledger card and invoices identify the purchaser as "Mike's Fine Jewelry." Rosalind's name does not appear on any documentation whatsoever. Varoujan's name does appear; however, the ledger card simply identifies him as the "buyer." There is no documentary evidence of any correspondence from defendants showing that they transacted business with plaintiff and failed to disclose that they acted as an agent for a corporation. On the contrary, that plaintiff noted the purchaser as "Mikes Fine Jewelry" indicates that plaintiff was informed, presumably by Varoujan, that the purchaser was the business.

Moreover, "[k]nowledge of facts putting a person of ordinary prudence on inquiry is equivalent to actual knowledge [of] the facts which a reasonably diligent inquiry would have disclosed." *Deputy Comm'r of Agriculture v O & A Electric Coop, Inc.,* 332 Mich 713, 716; 52 NW2d 565 (1952). A search of LARA's public database, i.e "a reasonably diligent inquiry," *id.*, would have revealed that Mike's Fine Jewelry, Inc. listed the same mailing address that plaintiff had on file for Mike's Fine Jewelry, along with an identical name, with the exception of "Inc." Therefore, plaintiff had constructive notice that it was transacting business with a corporation, not defendants as individuals. Accordingly, even viewing the evidence, including Khalife's affidavit, in the light most favorable to plaintiff, there is no genuine issue regarding any material fact, and the trial court did not err when it granted defendant's motion for summary disposition.

Plaintiff also argues that the trial court erred when it denied plaintiff's motion to amend its pleadings. This Court reviews a trial court's decision on a motion to amend for "an abuse of discretion that resulted in injustice." *PT Today, Inc v Comm'r of the Office of Fin & Ins Servs*, 270 Mich App 110, 142; 715 NW2d 398 (2006). "An abuse of discretion occurs when the court's decision falls outside the range of reasonable and principled outcomes." *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 273; 761 NW2d 761 (2008). "There is no injustice

if the proceedings would have reached the same result if the trial court had not denied a party leave to amend its pleadings." *PT Today, Inc*, 270 Mich App at 142.

"If a court grants summary disposition pursuant to MCR 2.116(C)(8), (9), or (10), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile." *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997); MCR 2.116(I)(5). Motions to amend "ordinarily should be granted, and should be denied" for specific reasons, including futility. *Id*. "An amendment would be futile if ignoring the substantive merits of the claim, it is legally insufficient on its face, it merely restates allegations already made; or it adds a claim over which the court lacks jurisdiction." *PT Today, Inc*, 270 Mich App at 143 (citation and ordinals omitted). "If a trial court denies a motion to amend, it should specifically state on the record the reasons for its decision." *Weymers*, 454 Mich at 659.

In this case, the trial court denied the request to amend to add a claim related to the 2011 and 2012 invoices as futile, mistakenly noting that the "invoices clearly show that plaintiff billed a corporate entity - Secret Time Jewelry - not the individual defendants." Plaintiff sought to amend its complaint based on several invoices listing "Secret Time Jewelers" and based on a ledger card showing the account of "Secret Time Jewelers," and listing the buyer as "Mike Basmajian." Neither plaintiff nor defendant provided any documentation that shows that Secret Time Jewelers is a corporation. Each invoice refers to it as simply "Secret Time Jewelers," not "Secret Time Jewelers, Inc." Accordingly, the invoices did not "clearly show that plaintiff billed a corporate entity," contrary to the trial court's conclusion. Accordingly, because the trial court's rationale was based on an apparent mistake, its decision constituted an abuse of discretion. *Ypsilanti Charter Twp*, 281 Mich App at 273. Accordingly, we reverse the trial court's order to the extent it denies plaintiff's motion to amend its complaint.

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Jane E. Markey
/s/ Peter D. O'Connell

-4-