IN THE MATTER OF LLEWELLYN L CLARK

Docket No. 47851. Submitted January 13, 1981, at Lansing.—Decided January 23, 1981.

The Oakland County Probate Court, Norman R. Barnard, J., entered an order appointing Betty C. Clark guardian of the person of Llewellyn L. Clark, her husband. Llewellyn L. Clark filed a claim of appeal with the Court of Appeals pursuant to the Revised Judicature Act which provides, *inter alia,* that a party to a proceeding in the probate court may appeal as a matter of right to the Court of Appeals from a final order affecting the rights or interests of any interested person in an estate or trust. *Held:*

The Court of Appeals lacks jurisdiction over this appeal. An appeal is properly to the circuit court.

Appeal dismissed.

1. WORDS AND PHRASES — ESTATE — STATUTES.

The term "estate" as defined by the Revised Probate Code means the property of the decedent or other person whose affairs are subject to the code (MCL 700.4[6]; MSA 27.5004[6]).

2. GUARDIAN AND WARD — STATUTES.

The term "guardian" as defined by the Revised Probate Code means a person appointed by the probate court or designated as such in a will to exercise powers over the person of a minor or a legally incapacitated person and does not include a guardian ad litem (MCL 700.6[2]; MSA 27.5006[2]).

3. GUARDIAN AND WARD — POWERS.

The Legislature has limited the powers of guardianship to powers over the person only of the ward.

4. WORDS AND PHRASES — CONSERVATOR — STATUTES.

A person who is appointed by the probate court to exercise

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur 2d, Executors and Administrators § 193 *et seq.*
[2, 4] 39 Am Jur 2d, Guardians and Wards § 1.
[3] 39 Am Jur 2d, Guardians and Wards §§ 61 *et seq.,* 108 *et seq.*
[5] 4 Am Jur 2d, Appeal and Error § 142.

powers over the estate of another person is called a conservator (MCL 700.3[5]; MSA 27.5003[5]).

5. APPEAL — GUARDIAN AND WARD.

  Orders entered in a guardianship proceeding are not orders affecting the rights or interest of any interested person in an estate, since a guardianship does not encompass any property of the ward; an appeal from an appointment of a guardian by a probate court is to the circuit court and not to the Court of Appeals.

*Donald E. Bishop,* for Llewellyn L. Clark.

*Bebout, Potere, Cox, Hughes & Cadieux,* for Ernest Ramsdell.

Before: R. B. BURNS, P.J., and BASHARA and M. F. CAVANAGH, JJ.

PER CURIAM. Llewellyn L. Clark has taken this appeal from an order of the Oakland County Probate Court appointing his wife, Betty C. Clark, guardian of his person[1] on the petition of Ernest Ramsdell, his grandson. Recognizing that a substantial question existed as to the jurisdiction of this Court to entertain this appeal, this Court ordered the parties to file separate briefs on the jurisdictional question.

The claim of appeal was filed pursuant to MCL 600.861; MSA 27A.861, which provides *inter alia* that a party to a proceeding in the probate court may appeal as a matter of right to the Court of Appeals from a "final order affecting the rights or interests of any interested person in an estate or trust". This provision is part of the Chapter 8 added to the Revised Judicature Act by 1978 PA 543, which took effect July 1, 1979.

Although Chapter 8 of the Revised Judicature Act, MCL 600.801 *et seq.;* MSA 27A.801 *et seq.,*

---

[1] By separate order, the probate court also appointed a conservator. That order is the subject of a separate appeal.

contains no definition of the term "estate", as we stated in the case of *In the Matter of Antieau,* 98 Mich App 341; 296 NW2d 254 (1980), its provisions must be considered with those of the Revised Probate Code, MCL 700.1 *et seq.; MSA* 27.5001 *et seq.,* enacted by 1978 PA 642, as amended. The term "estate" is defined in subsection 6 of § 4 of the Revised Probate Code as follows:

" 'Estate' means the property of the decedent of other person whose affairs are subject to this act as the property is originally constituted and as it exists during administration." MCL 700.4(6); MSA 27.5004(6).

Since the definition of "estate" is limited to property of a person subject to the act, the crucial question is whether the instant case involves any property of the ward.

Subsection 2 of § 6 of the code, as amended by 1979 PA 51, contains the following definition of the term "guardian":

" 'Guardian' means a person appointed by the court or designated as such in a will as provided in article 4, to exercise powers over the person of a minor or of a legally incapacitated person. Guardian does not include a guardian ad litem." MCL 700.6(2); MSA 27.5006(2).

The Legislature has clearly limited the powers of guardianship to powers over the person only of the ward. A person who is appointed by the probate court to exercise powers over the estate of another person is called a "conservator". Revised Probate Code, § 3; MCL 700.3(5); MSA 27.5003(5). Since a guardianship does not encompass any property of the ward, a guardianship and any orders entered in such a proceeding do not fall within the definition of "estate" quoted above, and, therefore, any order entered in such a proceeding is not "an order affecting the rights or interests of

any interested person in an estate".[2] *In the Matter of Antieau, supra.* Therefore, this Court lacks jurisdiction of this appeal from the order appointing a guardian.

This appeal is, therefore, dismissed without prejudice to the filing of a motion for leave to appeal in the circuit court for the County of Oakland pursuant to GCR 1963, 703. *In the Matter of Antieau, supra.*

The appeal is dismissed.

---

[2] MCL 600.861; MSA 27A.861.