## *In re* PITRE

Docket No. 137372. Submitted March 2, 1993, at Lansing. Decided
    July 22, 1993; approved for publication October 28, 1993, at
    9:05 A.M.

Elizabeth Pitre, as personal representative of the estate of Fran-
    cis M. Pitre, deceased, petitioned the Sanilac County Probate
    Court, seeking an order requiring Allan Pitre to return to the
    estate furniture that the respondent had removed from the
    decedent's home before his death and the return of funds from
    a joint account with a stockbroker. The decedent had estab-
    lished the joint account with the respondent, fully aware that
    the account would become the sole property of the respondent
    if the decedent died first. When the decedent later decided that
    he did not want the respondent to get what was in the account,
    he sent a letter to the stock brokerage barring further transac-
    tions on the account, but did not withdraw the funds. After the
    decedent's death, the stock brokerage transferred the funds
    into an account solely held by the respondent. A jury rejected
    the petitioner's claims, and the court, George E. Benko, J.,
    awarded the respondent costs and attorney fees. The petitioner
    appealed from the award of costs and attorney fees.

The Court of Appeals *held:*

The probate court was authorized, pursuant to MCR 2.114, to
    award attorney fees. The petition was not well grounded in fact
    or based on existing law or a good-faith argument for modifica-
    tion of existing law. The probate court did not abuse its
    discretion in awarding costs.

1. The decedent intended the respondent to have the right of
    survivorship when he set up the account and deposited the
    funds. The respondent's property rights to the funds are deter-
    mined by the intent of the depositor at the time of the deposit.
    No later change of heart by the decedent could have divested
    the respondent of his right of survivorship, unless accompanied

REFERENCES

Am Jur 2d, Banks § 369 *et seq.*; Courts §§ 32, 84; Pleading § 26.
See ALR Index under Joint Accounts and Deposits; Probate Courts
    and Proceedings.

by the decedent's withdrawal of the funds from the account. The petitioner's claim is without merit.

2. The award of attorney fees was appropriate, pursuant to MCR 2.114(E), as reasonable expenses incurred.

Affirmed.

1. COURTS — PROBATE COURTS — SANCTIONS — ATTORNEY FEES.

Procedure in the probate court is governed by the rules applicable to other civil proceedings, including the sanction provisions contained in MCR 2.114 (MCR 5.001, 5.114).

2. PLEADING — SANCTIONS.

The filing of a pleading that is not well grounded in fact or not based on existing law or a good-faith argument for modification of existing law subjects the filer to sanctions, including attorney fees (MCR 2.114[D],[E]).

3. BANKS AND BANKING — JOINT ACCOUNTS — RIGHTS OF SURVIVORSHIP.

Property rights to the funds in a joint bank account with rights of survivorship are determined by the intent of the depositor at the time of the deposit; a later change of heart by the depositor must be accompanied by a withdrawal of the funds to divest any joint holder of that account of the right of survivorship to the funds (MCL 487.703; MSA 23.303).

*Robert W. Barnes,* for the petitioner.

*Law Office of D. W. Reid* (by *Dennis W. Reid*), for the respondent.

Before: MICHAEL J. KELLY, P.J., and MARILYN KELLY and CONNOR, JJ.

PER CURIAM. Petitioner, Elizabeth Pitre, as personal representative of the estate of Francis M. Pitre, deceased, appeals as of right the Sanilac County Probate Court's award of costs and attorney fees to respondent. We affirm.

Several years before he died, decedent estab-

lished an account[1] with a stockbroker. At the time, decedent decided to make it a joint account with respondent with rights of survivorship, fully aware that this meant the account would become respondent's if the decedent died first. The summer before he died, decedent decided he did not want respondent to get what was in the account. He sent a letter to the stock brokerage barring further transactions on the account, but did not withdraw the funds from the account. Decedent died, and the brokerage transferred the remaining funds to an account solely held by respondent.

Petitioner asked the probate court to order respondent to return the money from the joint account to the estate, as well as furniture respondent had removed from decedent's house while decedent was alive. A jury took less than twenty minutes to reject petitioner's claims. The trial court awarded respondent costs, pursuant to MCL 600.858(2); MSA 27A.858(2), and attorney fees, pursuant to MCR 2.114(E).

Petitioner first argues that the probate court was without power to award respondent attorney fees. Procedure in the probate court is governed by the rules applicable to other civil proceedings. MCR 5.001. Specifically, the provisions of MCR 2.114 apply, MCR 5.114(A)(1), including that rule's sanction provisions, MCR 5.114(B)(2). Therefore, the probate court had the power to award attorney fees pursuant to MCR 2.114.

Petitioner next contends that the probate court erred in awarding attorney fees under MCR 2.114(E). A signature on a pleading is certification that the signer has read the pleading and, to the best of the signer's knowledge, information, or

---

[1] The actual nature of this account is not clear from the record. Because the parties seem to have treated the account as a bank account, so do we.

belief after reasonable inquiry, the pleading is well grounded in fact. MCR 2.114(D). Filing a signed pleading that is not well grounded in fact subjects the filer to sanctions, including attorney fees. MCR 2.114(E).

The discovery in this case demonstrated that petitioner's original claim against respondent must have been made without any inquiry into the facts, reasonable or otherwise. It also showed that petitioner's later amendment of the claim, although better grounded in fact, was still not based on existing law or a good-faith argument for modification of existing law. MCR 2.114(D). There was no dispute that decedent intended respondent to have the right of survivorship when he set up the account and deposited his funds. Respondent's property rights to the funds in the account are determined by the intent of the depositor at the time of the deposit. See MCL 487.703; MSA 23.303. No later change of heart on decedent's part could have divested respondent of his right of survivorship, unless that change of heart was accompanied by withdrawal of the funds from the account. Because decedent did not withdraw the funds, petitioner's claim was totally without merit.[2] The award of attorney fees under MCR 2.114(E) was justified.

Finally, petitioner challenges the trial court's award of costs pursuant to MCL 600.858(2); MSA 27A.858(2). The probate court did not abuse its discretion in awarding costs. Even if costs had not been provided for by statute, the award would still have been appropriate pursuant to MCR 2.114(E), as reasonable expenses incurred.

Affirmed.

---

[2] The record also does not show that petitioner ever had any factual support for the claim that there was anything wrong with respondent's removal of furniture from decedent's home.