*In re* THOMAS ESTATE

SABLE v MANUFACTURERS NATIONAL BANK OF DETROIT

Docket No. 150595. Submitted August 9, 1994, at Detroit. Decided
June 23, 1995, at 9:20 A.M.

    Richard Sable, as conservator of the estate of George J. Thomas,
a minor, petitioned the Macomb County Probate Court to
surcharge Dawn Goodhue and Manufacturers National Bank of
Detroit after the bank released funds of the estate to Goodhue.
Goodhue originally had been appointed by the probate court as
guardian of the minor and had moved with her husband to
Vermont, taking the minor with them. Before Dawn's letter of
authority as guardian expired, a Vermont probate court had
appointed the Goodhues as coguardians and had entered an
order directing Manufacturers National Bank to release to the
Goodhues funds of the estate held by Dawn as guardian.
Dawn's letter of authority from the Macomb County Probate
Court had expired by the time the bank released the funds. The
Macomb County Probate Court, James F. Nowicki, J., sur-
charged the bank and ordered it to pay the petitioner's attor-
ney fees, ruling that the release of funds had been improper.
The bank appealed.

    The Court of Appeals *held:*

    1. MCL 700.435; MSA 27.5435 required a final accounting
and the resignation of Dawn Goodhue in the Macomb County
Probate Court before jurisdiction could be transferred from the
Macomb County Probate Court to the Vermont probate court.
Because there was no termination of the proceeding in Michi-
gan before the Vermont probate court accepted jurisdiction of
the case, the Vermont probate court order for the release of the
funds was invalid.

    2. MCL 700.491; MSA 22.5491 provides that property of a
protected person held in Michigan may not be released to a
foreign conservator unless the conservator provides proof of
appointment and an affidavit stating that a protective proceed-

REFERENCES
Am Jur 2d, Guardian and Ward §§ 56, 166, 221.
See ALR Index under Guardian and Ward.

ing relating to the protected person is not pending in Michigan. The Goodhues did not present the requisite affidavit, thereby making the release of funds improper.

3. MCL 700.483; MSA 27.5483, which provides that a person who in good faith assists a conservator in a transaction is protected as if the conservator properly exercised power, does not relieve the bank of liability. The bank had in its possession the letter of authority from the Macomb County Probate Court expressly stating an expiration date and restricting Dawn Goodhue's authority. The exercise of reasonable diligence by the bank would have led it to discover that Goodhue's authority, as granted by the Macomb County Probate Court, had expired.

4. The probate court abused its discretion in awarding attorney fees. Attorney fees generally are not recoverable unless expressly authorized by statute or court rule. There are no statutes or court rules authorizing an award of attorney fees in this case. The exception to the general rule for cases where the party seeking attorney fees has been forced to expend money to prosecute or defend a prior lawsuit because of the wrongful acts of a third party does not apply to this case. The bank was not a third party, the action filed by the petitioner does not constitute a prior lawsuit, and the bank's conduct was not wrongful.

Affirmed in part and reversed in part.

P. J. MACERONI, J., concurring in part and dissenting in part, stated that attorney fees may be awarded on the basis that money from the estate was expended to prosecute a claim because of the wrongful acts of the bank.

1. GUARDIAN AND WARD — PROBATE COURT JURISDICTION — TRANSFER OF JURISDICTION TO WARD'S COUNTY OF RESIDENCE.

A transfer of jurisdiction from the probate court that appointed a guardian for a minor to the probate court for the county in which the minor subsequently takes up residence requires a final accounting by, and the resignation of, the guardian in the probate court that made the appointment (MCL 700.435; MSA 27.5435).

2. GUARDIAN AND WARD — FOREIGN CONSERVATORS.

Property in Michigan belonging to a minor whose assets are subject to a foreign conservatorship may not be released to the foreign conservator unless the conservator provides proof of appointment and an affidavit stating that a protective proceeding relating to the minor is not pending in Michigan (MCL 700.491; MSA 27.5491).

*Sable, Cashen & Strehl, P.C.* (by *William K. Cashen* and *Donald M. Strehl*), for Richard Sable.

*Michael R. Main, Michael D. Boutell, Christian Nilson, Paul W. Creasy, Elias Muawad,* and *Kurt M. Carlson,* for Manufacturers National Bank of Detroit.

Before: CORRIGAN, P.J., and WAHLS and P. J. MACERONI,* JJ.

WAHLS, J. Respondent Manufacturers National Bank of Detroit, now known as Comerica Bank, appeals as of right the order of the probate court imposing a surcharge against it for releasing funds to the minor's guardian upon presentment of an order from a foreign jurisdiction directing it to do so, where the guardian failed to settle the proceedings in the Macomb County Probate Court, which originally had appointed her as guardian of the minor. Respondent also appeals as of right the probate court's award of attorney fees to petitioner Richard Sable. We affirm the surcharge, but reverse the award of attorney fees.

In October 1976, the Macomb County Probate Court appointed Dawn Goodhue as guardian of George J. Thomas,[1] who was two years old at the time. In April 1977, Goodhue opened various accounts in the name of the estate with respondent pursuant to the letter of authority issued by the probate court. The probate court continually renewed the letters, the last of which expressly stated that Goodhue's authority "shall terminate at midnight, December 25, 1987."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Goodhue's original letters of authority designated her as guardian of the estate of George Thomas. Pursuant to the Revised Probate Code, a person exercising powers over the estate of a protected person is a "conservator." MCL 700.3(5); MSA 27.5003(5); *In re Clark,* 103 Mich App 259, 261; 303 NW2d 16 (1981).

In August 1987, the Goodhues moved with the minor child to Vermont and petitioned a Vermont probate court for co-guardianship of the child. The petition was granted on September 22, 1987. Respondent subsequently received a certified order of the Vermont probate court, dated February 3, 1988, directing it to "redeem and/or close any and all accounts held in the name of DAWN GOODHUE, AS GUARDIAN OF GEORGE J. THOMAS, and transmit forthwith the proceeds of such accounts . . . ." On March 3, 1988, respondent released $41,759.36 to Dawn and Richard Goodhue. The final letter of authority issued by the Macomb County Probate Court had expired when this transaction occurred.

On March 30, 1988, the Macomb County Probate Court formally suspended Dawn Goodhue's appointment as guardian and appointed petitioner Richard Sable, Macomb County Public Administrator, as special fiduciary. After conducting an investigation, Sable filed a petition to surcharge and prosecute Goodhue as a suspended fiduciary. Sable also filed a petition seeking to surcharge respondent for the funds it had released to the Goodhues after the expiration of Dawn Goodhue's letter of authority.

The parties eventually filed stipulations of fact and cross motions for summary disposition. The probate court ruled that respondent had improperly released the funds and issued an order surcharging respondent $41,759.36. The court also assessed $21,095 against respondent for the attorney fees incurred by petitioner. Respondent moved for reconsideration of the surcharge order pursuant to MCR 2.119(F) and for amendment of the judgment pursuant to MCR 2.611(A) and (B). The court granted respondent's motion to decrease the surcharge by the amount of funds accounted for by Goodhue, which resulted in a surcharge of

$9,463.53. The court otherwise denied the motion for reconsideration.

I

The relevant issue in this appeal is whether respondent is jointly and severally liable to the estate for the guardian's misappropriation of funds by its release of the money in accounts in the name of the estate. Respondent seeks to avoid liability on the basis of the order of the Vermont probate court that directed it to release the funds to the Goodhues.

Section 462 of the Revised Probate Code, MCL 700.1 *et seq.*; MSA 27.5001 *et seq.*, vests the court in which the original conservatorship petition is filed with exclusive jurisdiction "to determine how the estate of the protected person . . . shall be managed, expended, or distributed" until termination of the proceeding. MCL 700.462; MSA 27.5462. The court in the county in which the ward resides has concurrent jurisdiction with the court that appointed the guardian over resignation, removal, accounting, and other proceedings relating to the guardianship. MCL 700.435(1); MSA 27.5435(1). If these courts are not the same, MCL 700.435; MSA 27.5435 further provides:

(2) If the court in the county where the ward resides is not the court in which acceptance of appointment is filed, the court in which proceedings subsequent to appointment are commenced, in all appropriate cases, shall notify the other court, in this or another state, and after consultation with that court, shall determine whether to retain jurisdiction or transfer the proceedings to the other court, whichever will serve the welfare of the ward. After this determination has been made, the court accepting a resignation or removing a

guardian shall direct this fiduciary to prepare and submit a final report to both courts. A copy of an order accepting a resignation or removing a guardian and a copy of the final report shall be sent to the court in which acceptance of appointment is filed. The court entering this order may permit closing of the guardianship in the court in which acceptance of appointment is filed, without notice to interested persons.

It appears that the transfer of jurisdiction is contingent upon the occurrence of a final accounting and resignation by the guardian in the court in which the letters of authority were issued. In this case, there was no termination of the proceeding in Michigan before the Vermont probate court accepted jurisdiction of the case and ordered respondent to release the funds.[2] Therefore, it appears that the Vermont order was invalid.

Moreover, § 491 of the Revised Probate Code governs delivery of estate property held in this state to a foreign conservator:

A person indebted to a protected person or having possession of property or of an instrument evidencing a debt, stock, or chose in action belonging to a protected person may pay or deliver to a conservator, guardian of the estate, or other like fiduciary appointed by a court of the state of residence of the protected person, *upon being presented with proof of his or her appointment and an affidavit made by the person* or on the person's behalf *stating that a protective proceeding relating to the protected person is not pending in this state;* and that the foreign conservator is entitled to payment or to receive delivery. If the person to

___

[2] Apparently, the Vermont probate judge consulted with the Macomb County Probate Court, but the Macomb County Probate Court determined that it would retain jurisdiction over the guardianship of the estate until the resolution of a dispute regarding Goodhue's payment of fees to her attorney without first obtaining a court order.

whom the affidavit is presented is not aware of
any protective proceeding pending in this state,
payment or delivery in response to the demand
and affidavit discharges the debtor or possessor.
[MCL 700.491; MSA 27.5491. Emphasis added.]

Clearly, the presentment of the requisite affidavit
must be made before an asset owned by the estate
in one jurisdiction may be transferred to another
jurisdiction. The Goodhues did not present an
affidavit stating that there was no pending pro-
ceeding in Michigan as required by § 491. There-
fore, respondent's release of the funds was im-
proper regardless of the order of the Vermont
probate court.

Next, we refer to § 483[3] of the Revised Probate
Code, which provides protection in certain circum-
stances to third persons dealing with a conserva-
tor:

A person who in good faith assists a conservator
or deals with a conservator for value in any trans-
action other than those requiring a court order as
provided in section 468, is protected as if the
conservator properly exercised the power. The fact
that a person knowingly deals with a conservator
does not alone require the person to inquire into
the existence of a power or the propriety of its
exercise, *except that restrictions on powers of
conservators which are indorsed on letters as pro-
vided in section 485 are effective as to third per-
sons.* A person is not bound to see to the proper
application of estate assets paid or delivered to a
conservator. The protection here expressed extends
to instances in which some procedural irregularity

[3] Section 580 of the code is equally applicable. MCL 700.580; MSA
27.5580. Article 4 of the Revised Probate Code governs guardianship
and protective proceedings (for minors), while Article 5 governs
fiduciaries, which by statutory definition includes conservators and
guardians. See MCL 700.5(2); MSA 27.5005(2). The language of the
two provisions is similar.

or jurisdictional defect occurred in proceedings leading to the issuance of letters. . . . [MCL 700.483; MSA 27.5483. Emphasis added.]

Because the final letter of authority expressly stated on its face that it expired on December 25, 1987, § 483 does not relieve respondent of liability.

Respondent argues, without citing any legal authority, that it was without actual knowledge of the restriction stated on the letter of authority. "Knowledge of facts putting a person of ordinary prudence on inquiry is equivalent to actual knowledge of the facts which a reasonably diligent inquiry would have disclosed." *Deputy Comm'r of Agriculture v O & A Electric Co-operative, Inc,* 332 Mich 713, 717; 52 NW2d 565 (1952). See also *Holly Lumber & Supply Co v Friedel,* 271 Mich 425, 429; 261 NW 70 (1935). No claim has been asserted that respondent was not in possession of the letters of authority on file at its offices. Thus, we believe that respondent would have discovered that the final letter of authority had expired if it had conducted a reasonably diligent inquiry.

We further find absolutely no merit in respondent's argument that the expiration of the final letter of authority is irrelevant since Dawn Goodhue had already taken possession of the property belonging to the estate pursuant to the initial letter of authority and was responsible for the money deposited into the account. The bank was in possession of the funds upon deposit. By accepting the funds along with the letter of authority, which explicitly restricted Goodhue's authority, respondent was responsible for maintaining the money in accordance with the letters of authority issued by the Macomb County Probate Court. See, e.g., *In re Conservatorship of Roth,* 804 P2d 265 (Colo App, 1990) (where the bank accepted funds

knowing of a court-imposed restriction in the letters of conservatorship, it could not circumvent the restriction by a separate agreement with the conservator). Therefore, this Court holds that respondent is jointly and severally liable along with the Goodhues to the estate for any misappropriation of funds.

II

Respondent contends that the probate court abused its discretion in awarding attorney fees to petitioner. We agree. Attorney fees are not recoverable unless expressly authorized by statute or court rule. *Matras v Amoco Oil Co,* 424 Mich 675; 385 NW2d 586 (1986); *Bonner v Chicago Title Ins Co,* 194 Mich App 462, 468; 487 NW2d 807 (1992). There is no express statutory authorization permitting assessment of attorney fees in this case.[4]

An exception to the general rule exists when the party seeking attorney fees as damages has been forced to expend money to prosecute or defend a prior lawsuit because of the wrongful acts of the third party. *Id.; Warren v McLouth Steel Corp,* 111 Mich App 496, 508; 314 NW2d 666 (1981). This exception is not applicable to this case because the bank is not a third party, the action filed by petitioner does not constitute a prior lawsuit, and the bank's conduct was not wrongful as that term has been interpreted by this Court. See *Walch v Crandall,* 164 Mich App 181, 193-194; 416 NW2d 375 (1987); *G & D Co v Durand Milling Co, Inc,* 67 Mich App 253; 240 NW2d 765 (1976). Accordingly, we reverse the award of attorney fees.

---

[4] The probate court is authorized to approve reasonable compensation for services rendered by counsel for the estate. MCL 700.541, 700.543; MSA 27.5541, 27.5543; MCR 8.303. These statutory provisions, however, contemplate an award of attorney fees being paid by the estate, not by a surcharged respondent.

Affirmed in part and reversed in part. We do not retain jurisdiction.

CORRIGAN, P.J., concurred.

P. J. MACERONI, J. *(concurring in part and dissenting in part).* I agree with the majority that respondent is jointly and severally liable along with the Goodhues to the estate for any misappropriation of funds. However, I would find that the award of attorney fees was proper.

The probate court correctly reasoned that the estate is the innocent party and has suffered a loss, including the expenditure of attorney fees, which should be made whole by the party whose wrongful conduct caused the loss. The estate has been forced to expend money to prosecute a claim because of the wrongful acts of respondent. The rule set forth in *Warren v McLouth Steel Corp,* 111 Mich App 496; 314 NW2d 666 (1981), is applicable. Even if the majority's analysis is correct, I would remand this matter to the probate court to determine whether attorney fees are proper pursuant to *In re Pitre,* 202 Mich App 241; 508 NW2d 140 (1993).