# STATE OF MICHIGAN

# COURT OF APPEALS

---

ESTATE OF DOUGLAS SHINDORF,

        Plaintiff-Appellee,

and

DEBRA SHINDORF,

        Plaintiff,

v

BRANDI BITTERMAN,

        Defendant,

and

DENNIS BITTERMAN,

        Defendant-Appellant.

UNPUBLISHED
November 8, 2016

No. 328222
Saginaw Circuit Court
LC No. 14-024186-NO

---

CHERYL BOLF,

        Plaintiff-Appellee,

v

DENNIS BITTERMAN,

        Defendant-Appellant.

No. 328223
Saginaw Circuit Court
LC No. 14-024185-NO

---

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

PER CURIAM.

      The circuit court summarily dismissed the plaintiffs' complaints underlying these consolidated appeals. Defendant Dennis Bitterman challenges the court's decision to give plaintiffs extra time to seek reconsideration of those orders. As reconsideration was not granted in either case, we can fashion no remedy. We therefore affirm completely in Docket No. 328223

-1-

and in part in Docket No. 328222. However, the circuit court should have considered Mr. Bitterman's request for sanctions in Docket No. 328222. Accordingly, we remand for further proceedings.

## I. BACKGROUND

According to defendant Dennis Bitterman, there is no love lost between attorney James Shaw, who represents the plaintiffs in these consolidated appeals, and the Bitterman family. In 2013, Dennis Bitterman's wife, Shannon Bitterman, initiated a Freedom of Information Act suit against the Village of Oakley to uncover an alleged scheme whereby citizens donated money to a police fund to secure appointments as reserve police officers. See *Bitterman v Oakley Village*, 309 Mich App 53; 868 NW2d 642 (2015). Shaw represented the Oakley Village police chief during that time.

Mr. Bitterman asserts that Shaw filed the current lawsuits on behalf of village clerk Cheryl Bolf and former village council president Douglas Shindorf and his wife out of revenge.[1] In their defamation and intentional infliction of emotional distress complaints, Bolf and the Shindorf plaintiffs accused Mr. Bitterman of publicly calling them "crook[s]" and "money launderer[s]" and the Shindorf plaintiffs accused Brandi Bitterman of publicly naming Mr. Shindorf "a child molester." The Shindorf plaintiffs later added a wrongful death count, claiming that "[a]s a result of [defendants'] defamatory statements, decedent Douglas Shindorf suffered severe mental anguish that contributed to his death." (Mr. Shindorf's death certificate identifies "Leukopenic C Difficile Enterocolitis with Septic Shock" and "Acute Myeloblastic Leukemia" as the causes of his death.)

Defendants sought summary dismissal of the Shindorf claims on several grounds. The circuit court initially denied the motions and ordered continued discovery. Thereafter, the Shindorf plaintiffs failed to respond to discovery requests and did not appear at the hearing on defendants' renewed motion for summary disposition of the wrongful death claim. The court then dismissed the wrongful death claim for failure to create a triable question of fact. The court later dismissed the defamation and intentional infliction of emotional distress claims based on the Shindorf plaintiffs' continued failure to participate. The court also summarily dismissed plaintiff Bolf's complaint for failure to comply with a court order to issue a more definite statement of her claim.

Attorney Shaw presented documentation that he required brain surgery in May 2015, which prevented his active participation in the litigation until August 15, 2015. Although the court did not accept the attorney's health concerns as an excuse to avoid summary disposition, the court granted plaintiffs additional time to file reconsideration motions. The Shindorf plaintiffs eventually sought reconsideration, but their motion was denied. Plaintiff Bolf failed to request reconsideration.

---

[1] Mr. Shindorf died after preparing an affidavit but before the lawsuit could be filed. Shaw filed the complaint on behalf of Mr. Shindorf's estate and his widow, both as personal representative of the estate and individually.

Although Mr. Bitterman won his bid to dismiss the lawsuits against him, he now appeals certain of the circuit court orders that were not in his favor.

## II. TIME EXTENSION

Mr. Bitterman first challenges the circuit court's order extending the time in which plaintiffs in both cases could file a motion for reconsideration. As noted, neither the Shindorf plaintiffs nor Bolf successfully petitioned for reinstatement of their complaint. Accordingly, Mr. Bitterman was not actually aggrieved by the court's order and there is no remedy this Court could provide. Whether treated as an issue of party standing or issue mootness, our review is prohibited. See *Manuel v Gill*, 481 Mich 637, 643; 753 NW2d 48 (2008) ("In order to have appellate standing, the party filing an appeal must be 'aggrieved.' "); *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010) ("An issue is . . . moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy.").

## III. SANCTIONS

Throughout the circuit court proceedings, Mr. Bitterman requested the imposition of sanctions against the Shindorf plaintiffs and attorney Shaw. Mr. Bitterman included his first request in his October 29, 2014 summary disposition motion filed in response to plaintiffs' addition of a wrongful death count. Mr. Bitterman described the claim as frivolous and accused Shaw of filing the claim out of revenge for the Bittermans' earlier legal battles with the village. The court did not consider the sanctions motion at that time, instead denying summary disposition and ordering discovery into the factual basis for plaintiffs' wrongful death claim.

Mr. Bitterman again sought sanctions in his January 5, 2015 "renewed motion to dismiss/summary disposition." He contended that discovery established that Mr. Shindorf died of leukemia and that no medical evidence supported that Mr. Shindorf's death was caused by any stress, let alone the stress of Mr. Bitterman's alleged defamatory statements. Therefore, he asserted that plaintiffs' claim was frivolous. Mr. Bitterman also sought sanctions in a January 13 motion to compel discovery, citing Mrs. Shindorf's vague answers to interrogatories and failure to produce requested documents. The court then summarily dismissed the wrongful death count and compelled discovery, but specifically "declined to rule on the request for sanctions."

On March 3, Mr. Bitterman filed a motion to summarily dismiss the defamation and intentional infliction of emotional distress counts. These claims too were frivolous and filed only to harass, Mr. Bitterman argued, warranting sanctions. The court took the matter "under advisement." On May 7, Mr. Bitterman reminded the court that his summary disposition motion and sanctions request were still pending. In its June 26, 2015 order dismissing the remainder of plaintiffs' claims, the court indicated that it "declined to rule on Defendant Dennis Bitterman's request for costs and sanctions." However, the court later allowed Mr. Bitterman to tax costs as the prevailing party.

The record before us reveals a possibility that the claims in the Shindorfs' case were frivolous and filed by Shaw for an improper purpose. Accordingly, the circuit court's decision to

ignore the motion was not harmless and we remand for consideration of Mr. Bitterman's sanctions request.

As a general rule, civil litigants are responsible for their own attorney fees, unless a statute, court rule, contract, or common-law principle creates an exception and shifts the burden onto the opponent. *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 388 (2013). MCR 2.114 provides such an exception:

> (D) Effect of Signature. The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that
>
> (1) he or she has read the document;
>
> (2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and
>
> (3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> (E) Sanctions for Violation. If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.
>
> (F) Sanctions for Frivolous Claims and Defenses. In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2). The court may not assess punitive damages.

The court rule imposes an "affirmative duty" on counsel "to conduct a reasonable inquiry" into both the factual and legal basis of a claim before he or she signs the complaint. *LaRose Market, Inc v Sylvan Ctr, Inc*, 209 Mich App 201, 210; 530 NW2d 505 (1995). By signing the document, the attorney attests that the complaint is legally and factually supported and is being filed for a proper purpose. *In re Pitre*, 202 Mich App 241, 243-244; 508 NW2d 140 (1993). Signing a document in violation of these rules demands sanctions. *Guerrero v Smith*, 280 Mich App 647, 678; 761 NW2d 723 (2008).

Likewise, MCL 600.2591(1) entitles a party to recover attorney fees and costs for a frivolous action:

> Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

MCL 600.2591(3)(a) defines a "frivolous" action as falling into one of three categories:

> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>
> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (*iii*) The party's legal position was devoid of arguable legal merit.

The circuit court should judge the merit of plaintiffs' claims and the motivations of their counsel in the first instance. We note, however, that Mr. Bitterman's sanctions request appears supportable and should not have been left without resolution. From the record before of us at least, it appears that plaintiffs failed to connect Mr. Bitterman's alleged wrongdoing to their injuries and that Mr. Shaw may have been motivated by the prior litigation between Oakley Village and the Bitterman family. The circuit court is of course in a better position to judge the credibility of the parties and therefore must take up this issue before this Court can entertain a review. We remand to the circuit court to consider and resolve Mr. Bitterman's request for sanctions.

We affirm in Docket No. 328223. In Docket No. 328222, we affirm in part and remand in part for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher